Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| GLADYS JAIME FERNÁNDEZ<br><br>Demandante - Recurrida<br><br>v.<br><br>DR. JUAN ANTONIO MOREIRA VIDAL<br><br>Demandada - Peticionario | TA2026CE00271 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso núm.: BY2025CV02594 (701)<br><br>Sobre: Despido Injustificado (Ley núm. 80), Procedimiento Sumario bajo Ley núm. 2 |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Sánchez Ramos, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de marzo de 2026.

En un caso laboral que se tramita por la vía sumaria, el Tribunal de Primera Instancia ("TPI"), en ocasión de denegar una moción de sentencia sumaria del patrono, determinó que no había controversia sobre varios hechos. Según se explica a continuación, por haberse presentado de forma tardía (porque la reconsideración no interrumpe el término en este tipo de casos), procede la desestimación del recurso de referencia.

I.

En mayo de 2025, la Sa. Gladys Jaime Fernández (la "Empleada") presentó la acción de referencia, sobre despido injustificado (la "Demanda"), en contra del Dr. Juan Antonio Moreira Vidal (el "Patrono"). Reclamó el pago de mesada, así como el pago de salario por el mes de diciembre de 2024 y de vacaciones acumuladas (840 horas, para un total de $62,800).

En lo pertinente, en diciembre de 2025, el Patrono presentó una moción de sentencia sumaria en cuanto a la reclamación por despido injustificado (la "Moción"). La Empleada se opuso y, a su vez, solicitó la resolución sumaria de la controversia. El Patrono luego replicó y se opuso a la moción de la Empleada. La Empleada también presentó una dúplica a la réplica del Patrono.

Mediante una "Sentencia Parcial", notificada el **4 de febrero** de 2026 (el "Dictamen"), el TPI denegó la Moción, pero ordenó el pago del salario reclamado por la Empleada "correspondiente al mes de diciembre del año 2024 y los primeros 10 días de enero del año 2025". El TPI enumeró unos hechos que estimó incontrovertidos, entre los cuales está el siguiente: "13. La demandante acumuló vacaciones no disfrutadas al momento del cese" (el "Hecho Incontrovertido").

El 6 de febrero, la Empleada solicitó la reconsideración parcial del Dictamen. A su vez, el 10 de febrero, el Patrono solicitó **la reconsideración del Dictamen** en cuanto a dos de los hechos que el TPI estimó como incontrovertidos (incluido el Hecho Incontrovertido). Véase SUMAC Núm. 51 (la "Reconsideración"). Incluyó como anejo un extracto de la deposición de la Empleada en la cual esta aseveró que no disfrutó vacaciones y que los viajes con el Patrono fueron en ocasión de su trabajo, pues se realizaron a "unos congresos" sobre neurología. El Patrono también acompañó unos informes de nómina de la Empleada, preparados por una firma de contabilidad (las "Tablas").

La Empleada se opuso a la Reconsideración (SUMAC Núm. 57). Objetó el uso de los informes de nómina y, de todas maneras, arguyó que los mismos no sustentan que a ella se le hubiese pagado por sus vacaciones o que las hubiese disfrutado. El Patrono replicó (SUMAC Núm. 58) y la Empleada duplicó (SUMAC Núm. 60).

Mediante una Resolución notificada el 27 de febrero (SUMAC Núm. 63), el TPI denegó la Reconsideración (la "Denegatoria de Reconsideración").

El mismo 27 de febrero, en lo que equivale a una segunda moción de reconsideración del Dictamen, el Patrono solicitó la reconsideración de la Denegatoria de Reconsideración (SUMAC Núm. 65). Ese día, en respuesta, el TPI notificó una Orden mediante la cual se reiteró en lo anteriormente dispuesto en el Dictamen en torno al Hecho Incontrovertido (la "Orden", véase SUMAC Núm. 67).

El **5 de marzo**, el Patrono presentó el recurso de referencia; solicita que revisemos la Orden. Arguye que sí hay controversia sobre el Hecho Incontrovertido, a la luz de "prueba documental que [lo] acredita" y al hecho de que, al contestar la Demanda, este negó el Hecho Incontrovertido. Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

**La Regla 52.1** de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari.* Al respecto, dispone, en lo pertinente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el

Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. [...]

Por su parte, **la Regla 40** del Reglamento del Tribunal de Apelaciones, establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

Concluimos que procede la desestimación del recurso que nos ocupa, pues el mismo se presentó luego del término aplicable de cumplimiento estricto, sin que se acreditara justa causa para ello. Veamos.

La Demanda se presentó, y actualmente se tramita por la vía sumaria[1], al no haberse dispuesto su conversión al trámite ordinario por el TPI. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 270 (2018) (para que una acción instada bajo el procedimiento sumario contemplado por la Ley 2 se convierta en un trámite ordinario, es necesario que el TPI así lo disponga expresamente).

Por tanto, el término aplicable para solicitar la revisión del Dictamen era de 10 días y la Reconsideración no interrumpió dicho término. Véase *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 736 (2016) (término para solicitar al Tribunal de Apelaciones la revisión de determinación interlocutoria en casos bajo la Ley 2 es de 10 días y, además, "la figura de reconsideración interlocutoria es incompatible con el procedimiento provisto por la Ley Núm. 2", por lo cual no es capaz de interrumpir el antedicho término).

Así pues, el Patrono tenía hasta el 17 de febrero (próximo día laborable luego del 13 de febrero) para solicitar a este Tribunal la revisión del Dictamen; no obstante, el recurso se presentó más de dos semanas después (el 5 de marzo). Ello sin que se adujera la existencia de justa causa para la dilación. Véase Regla 32(D) de nuestro Reglamento (término para presentar el recurso de *certiorari* es de cumplimiento estricto); Regla 52.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(b); *Córdova v. Larín*, 151 DPR 192, 194-5 (2000). Adviértase que la justa causa tiene que ser acreditada con explicaciones concretas y particulares que permitan al juzgador concluir que hubo una excusa razonable para la tardanza. *Febles v. Romar*, 159 DPR 714, 720 (2003); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92-3 (2013).

---

[1] Véase Ley Núm. 2 del 17 de octubre de 1961, según enmendada, 32 LPRA Sec. 3118 ("Ley 2").

El hecho de que el TPI atendiera las dos mociones de reconsideración del Patrono (ambas inoficiosas) no tiene el efecto de generar un nuevo término para revisar la determinación del TPI, en el Dictamen, sobre el Hecho Incontrovertido. Se trata, en esencia, de dos denegatorias de dos mociones de reconsideración y, según arriba expuesto, en este tipo de caso, las mociones de reconsideración son inoficiosas y no interrumpen el término para acudir en revisión ante este Tribunal.

Aun si tuviésemos jurisdicción, concluiríamos que procedería denegar la expedición del auto solicitado. En primer lugar, lo solicitado no encaja dentro de lo dispuesto por la Regla 52.1, *supra*. Aunque el TPI denegó una moción de sentencia sumaria a través del Dictamen, ese no es el asunto sobre el cual se solicita revisión, limitándose el Patrono a disputar la determinación del TPI en cuanto al Hecho Incontrovertido. Tampoco estamos ante una situación en la que esperar a una potencial apelación para plantear el error supuestamente cometido por el TPI causaría un "fracaso irremediable de la justicia".

De todas maneras, aun si tuviésemos jurisdicción, y aun partiendo de la premisa de que la Regla 52.1, *supra*, no impediría expedir el auto solicitado, en el ejercicio de nuestra discreción, guiada por los factores de la Regla 40, *supra*, denegaríamos la expedición del mismo.

En el contexto de un proceso sumario bajo la Ley 2, *supra*, **la regla general, con limitadísimas excepciones, es la no revisión de dictámenes interlocutorios por este Tribunal**. Véase, por ejemplo, *Medina Nazario,* 194 DPR a la pág. 733 ("la revisión de resoluciones interlocutorias es contraria al carácter sumario de procedimiento laboral", por lo cual no se admite salvo en "casos extremos"); *Dávila, Rivera v Antilles Shipping,* 147 DPR 483, 494-98 (1999).

En efecto, "la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento" y, así, este Tribunal "debe abstenerse de revisar dichas resoluciones". *Dávila,* 147 DPR a las págs. 496 y 497. Esta norma general solamente admite excepción cuando el TPI ha actuado sin jurisdicción o "en casos extremos en que la revisión inmediata, en etapa, disponga del caso… en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una grave injusticia". *Dávila,* 147 DPR a la pág. 498 (énfasis suplido).

En este caso, no estamos ante un caso extremo en que nuestra intervención sería necesaria para evitar una "grave injusticia". De hecho, el Patrono ni siquiera señala qué porción específica de las Tablas es la que supuestamente apoya su contención de que la Empleada tomó vacaciones. Por su parte, la Empleada declaró, bajo juramento, que nunca tomó, ni se le pagaron, vacaciones. Así pues, no surge del récord que lo actuado por el TPI genere un "fracaso a la justica"; ni siquiera surge que la decisión recurrida sea claramente errónea, de tal modo que estemos ante una situación extrema que ameritaría nuestra intervención. Véase Regla 40(A) y 40 (G) de nuestro Reglamento*; Dávila, supra; Medina Nazario, supra.*

IV.

Por los fundamentos que anteceden, se desestima, por tardío, el recurso de referencia.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones